IN THE SUPREME COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE
DEPARTMENT OF NATURAL
RESOURCES AND
ENVIRONMENTAL CONTROL,

§
§
§ No. 183, 2019
§
§ Court Below—Superior Court
Plaintiff Below,         § of the State of Delaware
Appellant,           §
§ C.A. No. S18M-06-002
v.                       §
§
MOUNTAIRE FARMS OF    §
DELAWARE, INC.,         §
§
Defendant Below,      §
Appellee.           §

Submitted: May 3, 2019
Decided:   May 31, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

After consideration of the notice of appeal from an interlocutory order and the supplemental notice of appeal from an interlocutory order, it appears to the Court that:

(1)    The appellant, State of Delaware Department of Natural Resources and Environmental Control ("DNREC"), has petitioned this Court under Supreme Court Rule 42 to accept an appeal from the Superior Court's order dated March 29, 2019, which stayed DNREC's case claiming that appellee Mountaire Farms of Delaware,

Inc. violated environmental laws in favor of pending litigation brought by DNREC against Mountaire in federal court.

(2)     Mountaire operates a poultry processing plant in Sussex County. In order to dispose of waste from the manufacturing process, Mountaire sprays effluent in certain areas and applies sludge elsewhere. The disposal is governed by various environmental laws and regulations and two permits. DNREC alleges that after Mountaire's wastewater treatment facility failed in August 2017, Mountaire illegally disposed of effluents; DNREC further alleges that the operation of the wastewater treatment facility and the effluent disposal have caused groundwater contamination. After DNREC learned in September 2017 of the failure of the wastewater treatment facility, it began to investigate the failure, developed a corrective action plan, and monitored Mountaire's compliance with a Notice of Violation issued by DNREC. In May 2018, DNREC and Mountaire entered into a consent decree that, among other things, would require Mountaire to take certain corrective measures, pay civil penalties for past violations, and pay future penalties if Mountaire fails to perform its obligations under the consent decree. By its terms, the consent decree would become effective when entered by the Superior Court.

(3)     On June 4, 2018, DNREC commenced an action in the Superior Court (the "State Action"), asserting, among other things, violations of the Delaware Environmental Control Act, Delaware environmental regulations, and the Mountaire

permits.  DNREC filed the consent decree with the complaint in the State Action.

DNREC also commenced a separate enforcement action against Mountaire in the

United States District Court for the District of Delaware (the "Federal Action"), in

which DNREC alleged violations of the federal Resource Conservation and

Recovery Act ("RCRA") and the federal Clean Water Act ("CWA").  Two groups

of local residents, property owners, and other interested parties (the "Cuppels" and

the "Balbacks") sought to intervene in the State Action.  The Cuppels also sought to

intervene in the Federal Action.  Shortly after DNREC filed the State Action, the

Cuppels filed a class-action lawsuit in the Superior Court, asserting tort claims

arising out of Mountaire's activities, and the Balbacks also filed a separate complaint

in the Superior Court alleging tort claims against Mountaire.

(4)     The motions to intervene in the State Action were briefed, and the

Superior Court heard oral argument on the motions in November 2018.  On March

25, 2019, the District Court granted the Cuppels' motion to intervene in the Federal

Action.  On March 29, 2019, after considering the motions to intervene, the Superior

Court entered an order staying the State Action until the Federal Action could be

resolved.[1]  Among other things, the Superior Court concluded that the complaint in

---

[1] *Dep't of Natural Resources & Envt'l Control v. Mountaire Farms of Del., Inc.*, 2019 WL 1430620 (Del. Super. Ct. Mar. 29, 2019).  *See also Dep't of Natural Resources & Envt'l Control v. Mountaire Farms of Delaware, Inc.*, 2019 WL 1949722 (Del. Super. Ct. Apr. 30, 2019) ("The Court did not grant or deny the Cuppels and Balbacks' motions to intervene.  Instead, its review of the motions to intervene led it to conclude that a stay of this action was appropriate . . . .").

the State Action "invokes RCRA and CWA issues;"[2] the consent decree could be found to relieve Mountaire of liability under RCRA and CWA and render the Federal Action moot;[3] the potential intervenors did not agree that Mountaire's polluting activities were limited to the time period following the failure of the wastewater treatment facility;[4] and "federal courts have exclusive jurisdiction over RCRA and CWA citizen suits."[5] The Superior Court further held that a stay would promote justice by allowing the potential intervenors to be heard on their claims and would also promote judicial economy.[6]

(5)    The Superior Court denied DNREC's application for certification of an interlocutory appeal.[7] The court held that the order staying the action did not decide a "substantial issue of material importance"[8] because it did not go to the substantive merits of the case.[9] The court also determined that "none of the eight factors set forth in Rule 42(b)(iii)(A)-(H) are implicated," certification would "not promote the

---

[2] *Mountaire*, 2019 WL 1430620, at *2.

[3] *Id.*

[4] *Id.* at *3.

[5] *Id.*

[6] *Id.* at *4.

[7] *Mountaire*, 2019 WL 1949722.

[8] DEL. SUPR. CT. R. 42(b)(i).

[9] *See Mountaire*, 2019 WL 1949722, at *2 (citing *Lima Delta Co. v. Global Aerospace, Inc.*, 2016 WL 3659859 (Del. Super. Ct. Mar. 17, 2016), *appeal refused*, 2016 WL 1436582 (Del. Apr. 5, 2016)).

most efficient and just schedule to resolve this case," and "the likely benefits of interlocutory review will not outweigh the probable costs."[10]

(6) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[11] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the decision of the Superior Court do not exist in this case,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/Gary F. Traynor*
Justice

---

[10] *Id.*
[11] DEL. SUPR. CT. R. 42(d)(v).
[12] DEL. SUPR. CT. R. 42(b)(ii).